UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PAMELA ARCHIBALD,

      Plaintiff,

 -against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 9541 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Pamela Archibald brings this action against Defendant the Commissioner of Social Security under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of an administrative law judge's ("ALJ's") decision denying Plaintiff disability benefits. (Compl., ECF No. 1, at 1–2.) Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Pl.'s Notice of Mot. for J. on the Pleadings, ECF No. 21; Notice of Mot., ECF No. 23.)

  Before this Court is Magistrate Judge Kevin Nathaniel Fox's November 30, 2020 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be granted, Defendant's motion be denied, and the matter be remanded for further proceedings. (Report, ECF No. 26, at 9.) Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Defendant filed timely objections, (Def.'s Objs. to the Magistrate Judge's R. & R., ECF No. 27), to which Plaintiff did not respond. Having reviewed the Report, as well as Defendant's objections, this Court adopts the Report and overrules the objections. Plaintiff's motion for judgment on the pleadings remanding the matter for further proceedings is GRANTED. Defendant's motion is DENIED.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

As relevant to Plaintiff's complaint, the ALJ found that Plaintiff had the following severe impairments: back disorder, asthma, and mild carpal tunnel syndrome. (Tr., ECF No. 18-2, at 12.) The ALJ then determined Plaintiff's residual functional capacity. Specifically, the ALJ found that

2

Plaintiff (1) can "lift 20 pounds occasionally and 10 pounds frequently," (2) can "walk or stand for six hours out of an eight-hour workday and sit for six hours out of an eight-hour workday," (3) can "occasionally climb stairs, but never ropes, ladders, or scaffolds," (4) is "limited to frequent handling, fingering, and feeling," and (5) should "avoid prolonged exposure to chemicals, dust, fumes, and noxious odors." (*Id.* at 15.) Relying on the testimony of a vocational expert, based on the hypothetical existence of an individual of Plaintiff's age, education, past relevant work experience, and residual functional capacity, the ALJ concluded that Plaintiff was unable to perform past relevant work, but that there were a significant number of jobs in the national economy that Plaintiff could perform. (*Id.* 18–19.) Specifically, the vocational expert testified that such a hypothetical individual would be able to perform occupations such as office helper (41,000 jobs available in the national economy), merchandise marker (150,000 jobs available), and mail clerk (51,000 jobs available). (*Id.* at 19.) Accordingly, the ALJ found that Plaintiff was not disabled and denied her claim. (*Id.*)

Plaintiff contends that the ALJ's decision was not supported by substantial evidence. In particular, Plaintiff argues that the record is devoid of any medical or other opinion indicating that Plaintiff can perform any of the exertional requirements outlined by the ALJ. Moreover, Plaintiff cites to her allegations that purportedly contradict the ALJ's findings. For example, Plaintiff reports that she uses a cane for walking and can only walk half a block before having to stop and rest for 15 to 20 minutes. She also notes that she has significant difficulties with asthma that is triggered by smells, cold weather, stress, and walking for long periods. Plaintiff reports that during an asthma attack, she feels like she is suffocating and her life is ending. Plaintiff also points to advice from doctors that she should avoid environmental triggers for her asthma and argues that

3

the ALJ's determination regarding her exposure to chemicals, dust, fumes, and noxious odors was inconsistent with this limitation.

In opposition, Defendant argues that an ALJ is not required to rely on a medical source opinion to determine a claimant's residual functional capacity. Defendant also cites a medical opinion from a consultative examiner that Plaintiff has mild to moderate limitations for various exertional and postural activities. Defendant further contends that the rest of the evidence in the record, particularly Plaintiff's treatment records, supports the residual functional capacity assessment.

Magistrate Judge Fox concluded that the ALJ's residual functional capacity determination was not supported by substantial evidence. (Report at 7–9.) Magistrate Judge Fox found that the ALJ did not mention any evidence, medical *or* other, in support of the ALJ's specific assessment of Plaintiff's abilities to lift, walk, stand, sit, and climb. (*Id.* at 8.) Magistrate Judge Fox further discounted Defendant's reliance on the opinions of a consultative examiner, because the ALJ found that those opinions were not sufficiently specific and accorded them "little weight." (*Id.*) Additionally, Magistrate Judge Fox found that the ALJ erred in failing to consider that Plaintiff's asthma was exacerbated by weather changes. (*Id.* at 9.) And because the hypothetical posed to the vocational expert did not include this limitation, Magistrate Judge Fox determined that the vocational expert's testimony did not constitute substantial evidence as to whether Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy. (*Id.*) Defendant objects to these findings.

A review of the ALJ's decision shows that the ALJ cited no evidence in support of his findings regarding Plaintiff's affirmative abilities, such as "lift[ing] 20 pounds occasionally and 10 pounds frequently," "walk[ing] or stand[ing] for six hours out of an eight-hour workday and

4

sit[ting] for six hours out of an eight-hour workday," and "occasionally climb[ing] stairs but never ropes, ladders, or scaffolds." (*See* Tr. at 15–18.) The ALJ simply outlined his residual functional capacity determination and then reviewed Plaintiff's allegations and medical records, including treatment notes, before concluding that Plaintiff's "subjective complaints do not warrant any additional limitations beyond those established in the residual functional capacity previously outlined." (*Id.*) The ALJ, however, cited no evidence to "establish" the components of his residual functional capacity determination in the first instance. The ALJ also noted, but discounted the medical opinions of two doctors, including the consultative examiner, because the doctors did not provide sufficient detail regarding their conclusions. (*Id.* at 17–18.)

In arriving at a claimant's residual functional capacity, an ALJ need not cite a medical opinion endorsing the specific abilities reflected in the ALJ's determination. *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020). But here, the ALJ cited no evidence whatsoever and Defendant's claim that the record evidence supports the residual functional capacity determination cannot cure the ALJ's error.

Moreover, the ALJ's determination did not reflect that Plaintiff's asthma is exacerbated by weather conditions. Defendant concedes that the ALJ erred by not including a weather limitation in Plaintiff's residual functional capacity, but contends that this error was harmless. After outlining Plaintiff's residual functional capacity, the ALJ posed a hypothetical to the vocational expert to determine whether Plaintiff was disabled. (Tr. at 18–19.) The vocational expert identified three jobs that an individual of Plaintiff's age, education, work experience, and residual functional capacity could perform. (*Id.* at 19.) As noted, however, the residual functional capacity considered did not include all of Plaintiff's limitations, specifically the fact that her asthma is aggravated by changes in weather. Such an omission constitutes reversible error. *See Banks v.*

5

*Colvin*, No. 10 Civ. 6462 (KMK) (JCM), 2016 WL 5478467, at *14 (S.D.N.Y. July 8, 2016) ("If the ALJ fails to pose hypothetical questions that include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability.") (citations omitted), *report and recommendation adopted*, 2016 WL 5468302 (S.D.N.Y. Sept. 27, 2016). Defendant argues that this error was harmless, because the three jobs identified by the vocational expert (office helper, merchandise marker, and mail clerk) do not require any exposure to environmental conditions. This Court, however, cannot definitively conclude that the vocational expert's testimony would be unchanged if the ALJ included a weather limitation in Plaintiff's residual functional capacity.

### III. CONCLUSION

Magistrate Judge Fox's Report is adopted. Defendant's cross-motion for judgment on the pleadings, (ECF No. 23), is DENIED. Plaintiff's motion for judgment on the pleadings, (ECF No. 21), is GRANTED. The ALJ's decision is reversed and this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this decision.

The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
March 29, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge